IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHELLE O'REILLY | ) | CASE NO. 17-00559-JMC-7 |
| Debtor | ) | CHAPTER 7 |

| | | |
|---|---|---|
| GREENFIELD BANKING COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | ADVERSARY PROCEEDING |
| MICHELLE O'REILLY | ) | NO. _____ |
| | ) | |
| Defendant | ) | |

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY

Plaintiff, GREENFIELD BANKING COMPANY, by counsel, for its adversary proceeding against Defendant, MICHELLE O'REILLY,(Defendant) states:

1. This is a core proceeding upon which this Court has jurisdiction.

2. Plaintiff is a duly authorized corporate fiduciary.

3. Plaintiff is the duly appointed successor Guardian of John T. Burnell. Plaintiff succeeded STAR Wealth Management on October 21, 2015, as guardian of John T. Burnell.

4. Defendant Debtor MICHELLE O'REILLY is an individual residing in the State of Indiana, who filed the present Chapter 7 bankruptcy on February 3, 2017.

5. Defendant was appointed Guardian of John T. Burnell, her father, on April 12, 2006, In Re the Guardianship of John T. Burnell, Cause No. 29D01-0601-GU-1. Said case was transferred to Grant Circuit Court on February 16, 2010, Cause No. 27C01-1002-GU-000009.

6. Defendant was removed and replaced as Guardian of John T. Burnell on December 21, 2010, in the Grant Circuit case, 27C01-1002-GU-000009, by STAR Wealth Management.

7. STAR Wealth Management, as Guardian sued the Defendant, Michelle O'Reilly for fraud, defalcation while acting in a fiduciary capacity, embezzlement and/or larceny on October 9, 2010, in Grant Circuit Court, Star Wealth Management, Guardian of the Estate of John T. Burnell, V. Michelle O'Reilly, Cause No. 27C01-1002-GU-9.

8. On November 25, 2013, Star Wealth Management and the Defendant, Michelle O'Reilly, entered into a Settlement Agreement resolving the lawsuit. On June 23, 2014, the Settlement Agreement was approved and judgment was entered on June 27, 2014, in the sum of $175,000.00. The judgment did not carry judgment interest. A copy of the Settlement Agreement and Judgment are attached and made a part of this Complaint to Determine Dischargeability.

9. In the settlement agreement, which was agreed by the defendant, approved by the Court and entered as judgment, the defendant, Michelle O'Reilly's conduct and subsequent judgment, "arises from conduct which constitutes fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny.

10. The outstanding balance on the entered judgment as of the date of the filing of defendant's bankruptcy is $163,300.00.

11 Defendant's actions give rise to a nondischargeable debt pursuant to 11 U.S.C.A. 523(a)(2)(4) and (a)(6).

WHEREFORE, Plaintiff, GREENFIELD BANKING COMPANY, by Counsel, respectfully requests the Court to enter judgment in its favor and against Defendant Debtor, MICHELLE O'REILLY, and further order the debt be declared nondishcargeable in an amount determined by this Court.

Respectfully Submitted,

By: /s/ Bruce E. McLane
Bruce E. McLane #10166-27
312 South Washington Street
Marion, IN 46952
(765)-662-6627
Counsel for GREENFIELD BANKING COMPANY

STATE OF INDIANA            IN THE GRANT CIRCUIT COURT
COUNTY OF GRANT

STAR WEALTH MANAGEMENT,
GUARDIAN OF THE ESTATE OF
JOHN T. BURNELL, Incapacitated Adult,
         Plaintiff

v.                                      CAUSE NUMBER 27C01-1002-GU-9

MICHELLE O'REILLY,
         Defendant

### JUDGMENT

Come now the Plaintiff, by counsel, and shows to the Court that the matters in controversy between the parties have been agreed upon as follows:

It is hereby ordered that Plaintiff be awarded and recover from the Defendant a Judgment in the amount of $175,000.00. This Judgment shall bear no interest at this time. The Defendant shall make payments on this Judgment pursuant to the terms of a separate Settlement Agreement executed by the parties.

So ordered this _____ day of June, 2014.

APPROVED:

_____
JUDGE, GRANT CIRCUIT COURT

Distribution to:
Martin A. Harker
Tia Brewer

## SETTLEMENT AGREEMENT

This agreement made this 25th day of November, 2013 between STAR Wealth Management, and Michelle O'Reilly, (collectively the "Parties").

WHEREAS, the complaint filed by STAR Wealth Management is now pending in the Grant County Circuit Court under Cause No. 27C01-1002-GU-9; and,

WHEREAS, all parties recognize and wish to avoid the expense and uncertainty of further litigation and have agreed to compromise all disputes between them;

NOW, THEREFORE, in consideration of the payments, mutual promises and releases contained herein, the parties to this agreement now hereby agree and covenant as follows:

1. The Parties agree to settle all claims now pending in the Grant County Circuit Court under Cause No. 27C01-1002-GU-9 as against Michelle O'Reilly.

2. Michelle O'Reilly agrees to judgment in the amount of One Hundred Seventy Five Thousand Dollars ($175,000.00). This shall constitute full and final settlement terms of whatever nature against either party individually, jointly and severally, agents, successors and assigns, and of any and all claims or damages of whatever kind or character, known or unknown, liquidated or unliquidated, arising from this lawsuit.

3. The parties agree that the One Hundred Seventy Five Thousand Dollar ($175,000.00) judgment shall bear no interest during so long as John Burnell, Jr., ("the Ward") is still alive. Upon his death, any remaining balance shall bear interest at the statutory rate of eight percent (8%). In addition, Michelle O'Reilly agrees to waive any inheritance claim she may have in the Ward's estate. Upon the passing of the Ward, a calculation shall be made showing what Michelle O'Reilly would have been entitled to as an intestate heir to the Ward's estate, and that amount shall be deducted from the One Hundred Seventy Five Thousand Dollar ($175,000.00) judgment, along with any payments made during the Ward's lifetime. If there is a balance remaining after the Ward's death, an amended judgment shall be entered in that amount and that judgment shall bear eight percent (8%) interest. The payment of that balance with interest shall be divided equally between the Ward's other three (3) children, Chad Burnell, Samuel Burnell, and Sarah Burnell.

4. Michelle O'Reilly shall make payments pursuant to the Settlement Agreement and judgment by way either: (1) garnishment order to her employer, or (2) direct payments to the Clerk's Office in the sum of $400.00 every two (2) weeks beginning October 1st, 2013 and on the 1st and 15th of each month thereafter; whichever is greater.

1

5. The parties agree that the judgment in this case arises from conduct which constitutes fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny. The parties agree that pursuant to 11 USCS § 523(a)(4), shall be this settlement agreement and any judgments entered in conjunction with the settlement agreement shall be non-dischargeable in bankruptcy. Michelle O'Reilly agrees that should she file for bankruptcy for other debts, that this debt shall not be discharged, and that this debt does not present an undue hardship on Michelle O'Reilly.

5. If Michelle O'Reilly fails to make payments on the Judgment pursuant to the terms of this agreement, then she consents to the entry of an Amended Judgment in the amount of Five Hundred Twenty Five Thousand Dollars ($525,000.00), which represents the original judgment of One Hundred Seventy Five Thousand Dollars ($175,000.00), plus treble damages. This provision is included due to the fact that the conduct by Michelle O'Reilly may constitute criminal activity pursuant to I.C. § 34-24-3-1. Should Michelle O'Reilly fail to make payments pursuant to this agreement, the parties agree that the Amended Judgment of Five Hundred Twenty Five Thousand Dollars ($525,000.00) shall bear interest at the rate of eight percent (8%) statutory interest.

6. Both parties represent that they fully understand that payment of the above described sum and execution of the Agreement satisfies any and all claims of whatever nature which they now claim or may in the future arise as a result of the said case as above described. It is expressly agreed by both parties that this Settlement Agreement releases the parties (and each of them, their heirs, representatives, employees and successors in interest, individually jointly and severally) from any and all future claims arising out of the said transaction and that they understand and agree that the nature, extent and result of the claims hereby released may not now be known or anticipated and declare that they nevertheless desire to settle, compromise and release in full the claim recited herein.

7. All agreements and understandings between the parties are embodied and expressed herein. The terms of this Agreement are contractual and not merely recital. The undersigned have read the foregoing Agreement, fully understand it and execute it voluntarily.

Dated this 25th day of November, 2013.

2

STAR Wealth Management,
Guardian of the Estate of John T. Burnell, Jr.

By: _Thomas J. Cassidy_
Its: _Senior Vice President + Senior Trust Officer_

Seal
Tammy J. Garcia
Notary Public
State of Indiana
My Comm. Expires 2-24-16

STATE OF INDIANA
COUNTY OF GRANT, SS:

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared the within named _Thomas J. Cassidy_ who acknowledged the execution of the foregoing Settlement Agreement and Release of All Claims to be his voluntary act and deed and states under oath that the recitals contained herein are true.

WITNESS, my hand and notarial seal this 25 day of November, 2013

_____   _Tammy J. Garcia_
Notary Public                    Typed or printed signature

My commission expires: 2-24-16
My county of residence: Grant


_Michelle O'Reilly_
MICHELLE O'REILLY

STATE OF INDIANA
COUNTY OF GRANT, SS:

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared the within named _Michelle O'Reilly_ who acknowledged the execution of the foregoing Settlement Agreement and Release of All Claims to be his voluntary act and deed and states under oath that the recitals contained herein are true.

WITNESS, my hand and notarial seal this 25th day of November, 2013

_____   Typed or printed signature
Notary Public

My commission expires: _____
My county of residence: _____

Lynn McKeon
My Commission Expires
March 15, 2015
SEAL
Notary Public, State of Indiana
Madison County

3